UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER L. HUNT,

                             **Plaintiff,**

  vs.                                               5:20-CV-330
                                                    (MAD/ML)

**SHAPIRO, DICARO & BARAK, LLC, et al.,**

                              **Defendants.**
_____

APPEARANCES:                                OF COUNSEL:

**JENNIFER L. HUNT**
4220 Jordan Road
Skaneateles, New York 13152
Plaintiff *pro se*

**SHAPIRO, DICARO & BARAK, LLC**       **ELLIS M. OSTER, ESQ.**
175 Mile Crossing Boulevard
Rochester, New York 14624
Attorneys for Defendants

**WINSTON & STRAWN LLP**             **HEATHER ELIZABETH SAYDAH,**
200 Park Avenue                                **ESQ.**
New York, New York 10166
Attorneys for Defendants

Mae A. D'Agostino, U.S. District Judge:

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On March 24, 2020, Plaintiff *pro se* Jennifer L. Hunt ("Plaintiff") commenced this action against Defendants Shapiro, DiCaro & Barak, LLC, Ellis M. Oster, Esq., and Bank of America, N.A. (collectively "Defendants"), asserting a variety of claims arising from and relating to a state court mortgage foreclosure action. *See generally* Dkt. No. 1.

On June 1, 2020, Defendants filed a joint motion to dismiss the complaint, arguing that the complaint must be dismissed because the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, that the claims are barred by *res judicata* and/or collateral estoppel, and that Plaintiff's claims are time-barred, preempted by federal law, conclusory, contrary to the record, and do not state a plausible claim for relief. *See generally* Dkt. Nos. 17-11, 19. Plaintiff filed a response on June 22, 2020, and Defendants subsequently replied on June 26, 2020. *See* Dkt. Nos. 23, 26.

## II. BACKGROUND

On October 17, 2008, Plaintiff executed a promissory note (the "Note") in exchange for a loan in the principal amount of $176,400.00 (the "Loan") in favor of Household Finance Realty Corporation of New York, a Delaware Corporation. *See* Dkt. No. 17-2 at 2–4. Household Finance Realty Corporation of New York subsequently endorsed the Note to Countrywide Bank, FSB, and Countrywide Bank, FSB endorsed the Note in blank. *See id.* at 5. As security for the Note, Plaintiff executed a mortgage (the "Mortgage") on the property located at 4220 Jordan Road ("the Property") in favor of Mortgage Electronic Registration Systems, Inc. *See* Dkt. No. 17-3. On May 25, 2017, Mortgage Electronic Registration Systems, Inc. assigned the Mortgage to Defendant Bank of America, N.A. ("BANA"). *See* Dkt. No. 17-5.

Plaintiff's allegations arise from a state court mortgage foreclosure action, entitled *Bank of America, N.A. v. Jennifer Hunt, et al.*, brought in the Supreme Court of the State of New York, County of Onondaga, bearing Index No. 003362/2018 (hereinafter "State Foreclosure Action"). *See* Dkt. No. 1 at 3–5; Dkt. No. 17-7. Defendant BANA filed this state court mortgage foreclosure action against Plaintiff and others on March 30, 2018, which included allegations that Plaintiff defaulted on her Loan repayment obligations by failing to pay monthly installments. *See*

Dkt. No. 17-6 at 17.  Plaintiff states in her complaint for the instant action that she stopped making these payments after August 2012.  *See* Dkt. No. 1 at 11.  On June 11, 2019, Defendant BANA filed a motion for summary judgment of foreclosure.  *See* Dkt. No. 17-7.  This motion for summary judgment of foreclosure was granted on August 14, 2019, *see* Dkt. No. 17-9, and the state court rendered a final judgment of foreclosure and sale against Plaintiff and in favor of Defendant BANA on January 15, 2020.  *See* Dkt. No. 17-10.  The state court appointed a referee and ordered the Property to be sold in satisfaction of the judgment; Plaintiff did not appeal the summary judgment order or the judgment of foreclosure and sale.  *See* Dkt. No. 17-11 at 3.  At all relevant times during this state court proceeding, Defendant Shapiro, DiCaro & Barak, LLC acted as the legal representative of Defendant BANA.  *See* Dkt. No. 19 at ¶ 4.  Defendant Ellis M. Oster, Esq. is an attorney employed by Defendant Shapiro, DiCaro & Barak, LLC, who was assigned to work on this state court proceeding.  *See, e.g.*, Dkt. No. 17-9 at 7.

Plaintiff alleges that Defendants contracted to provide a loan to Plaintiff, which was never provided.  *See* Dkt. No. 1 at 3.  Plaintiff alleges that Defendant BANA "forcefully placed and charged" Plaintiff for an additional insurance policy in order to secure a mortgage on the Property. *See id.* at 4.  Plaintiff also alleges claims under 42 U.S.C. §§ 1983, 1985, and 1986.  *See id.* at 5. Plaintiff asserts nine separate counts against these Defendants.  *See generally* Dkt. No. 1.  Plaintiff seeks compensatory damages including all of her monthly payments made on "a fake loan plus interest for the number of year's payments were made, legal expenses," medical expenses incurred due to stress, punitive damages, and that the Court void the foreclosure of the Property.  *Id.* at 4, 14.

Defendants now jointly move to dismiss Plaintiff's complaint.  *See* Dkt. No. 17-1; Dkt. No. 19.  The merits of this motion will be addressed herein.

3

## III. DISCUSSION

**A.      Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

4

"entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the pleader are permitted to use affidavits and other pleading materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

Courts must afford *pro se* plaintiffs "special solicitude" before granting motions to dismiss or motions for summary judgment. *See Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994). "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"

5

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). "This policy of liberally construing *pro se* submissions is driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read *pro se* filings "to raise the strongest arguments that they suggest." *Id.* at 474.

**B.     Subject Matter Jurisdiction**

Defendants first argue that Plaintiff's complaint should be dismissed because the Court lacks subject matter jurisdiction to hear this action. *See* Dkt. No. 17-11 at 5–6. Plaintiff disagrees with Defendants' position, stating that the Court does have subject matter jurisdiction over this proceeding because she was not designated as the plaintiff in the State Foreclosure Action, and that the *Rooker-Feldman* doctrine does not apply because the judgment in the State Foreclosure Action was procured through fraud. *See* Dkt. No. 23 at 2–4.

The Court agrees that it is barred from reviewing Plaintiff's complaint under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority[.]" *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (citations omitted). The doctrine is grounded in the principle that 28 U.S.C. § 1257 vests jurisdiction to hear appeals from the highest court of each state exclusively in the United States Supreme Court. *See id.* at 292 (citations omitted). District courts may not, therefore, adjudicate what are in essence *de facto* appeals from state court judgments. *See id.*

(citations omitted). The application of the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citing *Exxon*, 544 U.S. at 284).

Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because she was not designated as the plaintiff in the State Foreclosure Action. *See* Dkt. No. 23 at 2. However, the *Rooker-Feldman* doctrine does not list this as a requirement; the four requirements for the application of the *Rooker-Feldman* doctrine are: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by a state court judgment; (3) the plaintiff invite[s] . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Gifford v. United N. Mortg. Bankers, Ltd.*, No. 18 Civ. 6324, 2019 WL 2912489, *4 (S.D.N.Y. July 8, 2019) (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). As Defendants state, because Plaintiff is a federal-court plaintiff that lost in state court, and the other elements of the *Rooker-Feldman* doctrine are also met, this Court does not have subject matter jurisdiction over Plaintiff's complaint. *See* Dkt. No. 17-11 at 5–6; Dkt. No. 26 at 2.

"Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the *Rooker-Feldman* doctrine." *Feinstein v. The Chase Manhattan Bank*, No. 06-CV-1512, 2006 WL 898076, *2 (E.D.N.Y. Apr. 5, 2006); *see also Vossbrinck*, 773 F.3d at 427 ("To the extent [plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker–Feldman* bars [plaintiff's] claim"); *Swiatkowski v. Citibank*, 446 Fed. Appx. 360, 361 (2d Cir. 2011) (dismissing appeal from the

district court's dismissal of claim seeking to reverse state foreclosure action); *Ashby v. Polinsky*, 328 Fed. Appx. 20, 21 (2d Cir. 2009) (same); *Ford v. U.S. Dep't of Treasury I.R.S.*, 50 Fed. Appx. 490, 491 (2d Cir. 2002) (same). Based on the foregoing, the Court finds that, to the extent that Plaintiff seeks an order declaring the judgment from the State Foreclosure Action void, the Court lacks subject-matter jurisdiction over those claims.

While the *Rooker-Feldman* doctrine bars district courts from reviewing claims for declaratory and injunctive relief from state-court judgments, it "does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, as the district court can determine damages liability without reviewing the propriety of the state court judgment." *Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 Fed. Appx. 20, 21 (2d Cir. 2016) (citing *Vossbrinck*, 773 F.3d at 427–28). However, as discussed in further detail below, Plaintiff's request for damages stemming from her claims of fraud must be dismissed on several alternative grounds. *See Worthy-Pugh*, 664 Fed. Appx. at 22 (holding that the district court properly dismissed the plaintiff's request for damages "on the alternate ground of res judicata"); *see also Vossbrinck*, 773 F.3d at 427–28 (holding that the district court properly dismissed the plaintiff's request for damages as "barred by collateral estoppel . . . .").

## C.     Res Judicata

Even if Plaintiff could escape the confines of the *Rooker-Feldman* doctrine, her claims against Defendant BANA are barred under the doctrine of *res judicata*, or claim preclusion, which provides that "a final judgment on the merits of an action precludes the parties or their privies

from relitigating issues that were or could have been raised in that action." *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 284–85 (2d Cir. 2000) (citations omitted).[1]

"The preclusive effect of a New York judgment in a subsequent federal action is determined by New York law." *Ponterio v. Kaye*, No. 06 Civ. 6289, 2007 WL 141053, *6 (S.D.N.Y. Jan. 22, 2007) (quotation and citations omitted). Accordingly, this Court's analysis "is governed by New York State law, which has adopted a transactional approach to res judicata, barring a later claim arising out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citing *Smith v. Russell Sage Coll.*, 54 N.Y.2d 185, 192–93 (1981)). "Under the doctrine of res judicata, a final disposition on the merits bars litigation between the same parties of all other claims arising out of the same transaction or out of the same or related facts, even if based upon a different theory involving materially different elements of proof. The rule applies not only to claims litigated but also to claims that could have been raised in the prior litigation." *Shelley v. Silvestre*, 66 A.D.3d 992, 993 (2d Dep't 2009) (quotation and other citation omitted).

To begin, the State Foreclosure Action was adjudicated on the merits and resulted in a final judgment of foreclosure and sale against Plaintiff and in favor of Defendant BANA on January 15, 2020; additionally, the state court appointed a referee and ordered the Property to be sold in satisfaction of the judgment. *See* Dkt. No. 17-10. Next, the requirement of privity is

---

[1] The Court also recognizes that some of Plaintiff's claims do not complain of the injury caused by the State Foreclosure Action or ask the Court to reject the judgment rendered therein, but rather allege harm prior to the State Foreclosure Action when Plaintiff initially entered into the loan agreement. These claims are not barred by *Rooker-Feldman*, but rather, are barred by the doctrine of *res judicata* as discussed below. *See Gurdon v. Bank*, No. 15-CV-5674, 2016 WL 721019, *8 (S.D.N.Y. Feb. 23, 2016).

9

similarly met as to Defendant BANA, as Plaintiff and Defendant BANA were parties in the State Foreclosure Action. *See* Dkt. No. 17-7. Lastly, Plaintiff's claims in the present matter stem from allegations related to the Loan documents, her default, and Defendant BANA's standing to foreclose. *See* Dkt. No. 17-11 at 6–7; *see generally* Dkt. No. 1. These claims were, or could have been brought as defenses in the State Foreclosure Action, and are thus barred by *res judicata*. *See, e.g.*, *Fequiere v. Tribeca Lending*, No. 14-CV-812, 2016 WL 1057000, *7 (E.D.N.Y. Mar. 11, 2016) (collecting cases); *Solomon v. Ocwen Loan Servicing, LLC*, No. 12-CV-2856, 2013 WL 1715878, *5 (E.D.N.Y. Apr. 12, 2013) ("The state-law claims asserted by plaintiff arise from the origination of the Mortgage and attack the ability of defendants to enforce it in the foreclosure proceedings. These claims could have been raised as a defense to foreclosure in state court, and therefore cannot be relitigated in a subsequent suit in federal court"); *Hinds v. Option One Mort. Corp.*, No. 11-CV-6149, 2012 WL 6827477, *5 (E.D.N.Y. Dec. 6, 2012) ("Inasmuch as Plaintiff's fraud claim is premised on his allegations that Defendants obtained the underlying mortgage through predatory lending tactics and fraud, res judicata operates to preclude federal review of such a claim . . . [since plaintiff's claims] arise from the same factual grouping – namely . . . the right of [d]efendants to enforce that agreement in a state court foreclosure proceedings"); Dkt. No. 17-8 (Plaintiff's opposition to Defendant BANA's motion for summary judgment in the State Foreclosure Action).

Based on the foregoing, the Court finds that Plaintiff's claims as to Defendant BANA are barred by the doctrine of *res judicata*. *See Gurdon*, 2016 WL 721019, at *9 (holding that "allegations of fraud in an underlying mortgage agreement are barred by *res judicata*, as the proper time to raise those claims was in the state foreclosure proceeding").

**D.     Collateral Estoppel**

While not barred by *res judicata*, Plaintiff's claims against Defendants Shapiro, DiCaro & Barak, LLC, and Ellis M. Oster, Esq. are barred by the doctrine of collateral estoppel. Plaintiff's claims against Defendant BANA are also additionally barred by this doctrine. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Burgos*, 14 F.3d at 792 (quoting *Ryan v. N.Y. Tel.*, 62 N.Y.2d 494, 500 (1984)). In order for collateral estoppel to apply, there must be "an identity of issue which has been necessarily decided in the prior action and is decisive of the present action," and "there must have been a full and fair opportunity to contest the decision now said to be controlling." *Id.* (quoting *Schwartz v. Pub. Adm'r*, 24 N.Y.2d 65, 71 (1969)).

In this case, the state court made a final determination on the merits of the claims at issue when it granted the motion for judgment of foreclosure and sale on January 15, 2020. *See* Dkt. No. 20-8 at 17-10. In that case, the state court struck Plaintiff's answer to the original foreclosure action, which raised identical issues that Plaintiff raises in the present matter, specifically, the enforceability of the Note and Mortgage, Plaintiff's default on her Loan repayment obligations, and Defendant BANA's standing and contractual right to foreclose and sell the Property in satisfaction of the judgment of foreclosure and sale. *See* Dkt. No. 17-11 at 8. Plaintiff states collateral estoppel does not apply because her answer was stricken from the record in the State Foreclosure Action. *See* Dkt. No. 23 at 5. However, this Court has previously held that collateral estoppel does indeed apply when a "state court struck Plaintiff's answer to the original foreclosure action, which raised identical issues of fraud that Plaintiff raises in the present matter." *Carty v. Wells Fargo Bank*, No. 8:18-CV-1165, 2019 WL 2475953, *6 (N.D.N.Y. June 13, 2019); *see also Fequiere*, 2016 WL 1057000, at *9 ("By raising these defenses in her Proposed Verified Answer,

11

Plaintiff placed them 'at issue,' meaning that they were 'actually litigated' in the prior proceeding and qualify as 'identical issue[s]'") (quoting *Sanchez v. Abderrahman*, No. 10-CV-3641, 2013 WL 8170157, *4–5 (E.D.N.Y. July 24, 2013)).  Thus, Plaintiff has had a full and fair opportunity to be heard, contest the decision, and participate in the litigation.  As such, the Court finds that, in the alternative, collateral estoppel precludes Plaintiff's claims.[2]

**G.     Leave to Amend**

Although a district court should generally "not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile." *Tylicki v. Schwartz*, 401 Fed. Appx. 603, 604 (2d Cir. 2010) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  In the present matter, amendment would be futile as it does not appear that Plaintiff has any viable federal claims that she could assert by amending her complaint.  *See Cuoco*, 222 F.3d at 112 (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[ ] that the plaintiff has a claim that [he] has inadequately or inartfully pleaded and that [he] should therefore be given a chance to reframe").  As discussed above, Plaintiff's claims that are not barred by the *Rooker-Feldman* doctrine are barred by *res judicata* and collateral estoppel, and therefore, any amendment would be futile.  *See Kelmetis*, 2017 WL 395120, at *4; *see also Haynie v. N.Y. Hous. Auth.*, No. 14-CV-5633, 2015 WL 502229, *3 (E.D.N.Y. Feb. 5, 2015) (citation omitted) ("Here, given that [plaintiff's] complaint is, at bottom, a challenge to his state court eviction over which the Court does not have jurisdiction,

---

[2] Moreover, the Court finds that Plaintiff's complaint must be dismissed because it does not state a plausible claim for relief.  All of Plaintiff's claims fail to allege facts sufficient to survive Defendants' motion to dismiss, are time-barred, fail as a matter of law, or are preempted.  *See* Dkt. No. 17-11 at 8–17.

12

amending the complaint would be futile. The Court therefore declines to grant [plaintiff] leave to amend his complaint"). Therefore, the Court dismisses Plaintiff's claims with prejudice.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss is **GRANTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's pending motions (Dkt. Nos. 15, 21, 24) are **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 6, 2020
      Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge