**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JENNIFER L. HUNT,**

                            **Plaintiff,**

   vs.                                                    5:20-CV-330
                                                                 (MAD/ML)

**SHAPIRO, DICARO & BARAK, LLC, et al.,**

                            **Defendants.**

_____

APPEARANCES:                                         OF COUNSEL:

JENNIFER L. HUNT
4220 Jordan Road
Skaneateles, New York 13152
Plaintiff *pro se*

**SHAPIRO, DICARO & BARAK, LLC**      ELLIS M. OSTER, ESQ.
175 Mile Crossing Boulevard
Rochester, New York 14624
Attorneys for Defendants

**WINSTON & STRAWN LLP**             HEATHER ELIZABETH SAYDAH,
200 Park Avenue                                   ESQ.
New York, New York 10166
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

    On March 24, 2020, Plaintiff *pro se* Jennifer L. Hunt ("Plaintiff") commenced this action against Defendants Shapiro, DiCaro & Barak, LLC, Ellis M. Oster, Esq., and Bank of America, N.A. (collectively "Defendants"), asserting a variety of claims arising from and relating to a state court mortgage foreclosure action. *See generally* Dkt. No. 1. Defendants filed a joint motion to

dismiss the complaint on June 1, 2020, arguing that the complaint must be dismissed because the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, that the claims are barred by *res judicata* and/or collateral estoppel, and that Plaintiff's claims are time-barred, preempted by federal law, conclusory, contrary to the record, and do not state a plausible claim for relief. *See generally* Dkt. Nos. 17-11, 19. On July 6, 2020, this Court granted Defendants' joint motion to dismiss in its entirety. *See* Dkt. No. 27. Presently before the Court is Plaintiff's motion for reconsideration. *See* Dkt. No. 30. For the following reasons, the motion is denied.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in the July 6, 2020 Memorandum-Decision and Order. *See* Dkt. No. 27.

## III. DISCUSSION

### A.    Standard of Review

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-CV-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Accordingly, earlier decisions in a case 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *In re Edny Cathode Ray Tube Antitrust Cases*, No. 17-CV-4504, 2017 WL

4351503, *1 (E.D.N.Y. Sept. 29, 2017) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**B.     Analysis**

Plaintiff asserts that this Court erred in dismissing Plaintiff's complaint because the Court "assumed the plaintiff in this federal case was also the plaintiff in the state foreclosure case . . . misapplied the [*Rooker-Feldman*] doctrine, . . . provided an unfair advantage [to] fellow B.A.R. Members" and that the Court's jurisdiction was procured through fraud. Dkt. No. 30 at 1, 4. Plaintiff's motion for reconsideration fails to assert any of the previously mentioned circumstances justifying reconsideration. The instant motion cites no controlling law or factual matters the Court overlooked that might reasonably be expected to alter the outcome of the Court's Memorandum-Decision and Order. Plaintiff is merely attempting to relitigate the issues already considered at length by this Court in its July 6, 2020 Memorandum-Decision and Order.

As Plaintiff has failed to identify any controlling law or factual matters put to the Court on the underlying motion that the Court demonstrably did not consider, Plaintiff's motion must be denied.

### IV. CONCLUSION

After carefully reviewing the record in this matter and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 30) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 3, 2020
      Albany, New York

Mae A. D'Agostino
U.S. District Judge